THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* WALTER KRAWCZYK, Respondent.

County Court, Niagara County, February 2, 1937.

*W. Tobin Lennon,* for the appellant.

*Marvin I. King,* for the respondent.

GOLD, J. The defendant was arrested and charged with a violation of section 982 of the Penal Law of the State of New York. It was claimed that the defendant was the owner and in possession of a machine known as "The Rocket." The acting police justice of the city of Niagara Falls held that the possession of the machine was not in violation of said section 982. The decision is based upon the fact that the element of skill predominated over the element of chance in the operation of the machine.

The Legislature of the State amended section 982 by chapter 317 of the Laws of 1934, by which drastic changes were made in the law. The statute does not refer in any manner to the element of skill in the operation of the machine. It does make it unlawful, among other things, to possess any slot machine or device, " pursuant to which the user thereof, as a result of any element of chance or other outcome unpredictable to him, may become entitled to receive any money, credit, allowance, or thing of value or additional chance or right to use such machine or device, or to receive any check, slug, token or memorandum entitling the holder to receive any money, credit, allowance or thing of value." It defines any such machine as a slot machine, which is in violation of said section 982.

The uncontradicted evidence before the acting police justice was that the slugs from this particular machine were redeemable in merchandise. That seems to be the element which brings this particular machine and the use thereof in the class prohibited by said section 982.

In a very recent case, to wit (*Times Amusement Corp.* v. *Moss,* 160 Misc. 930), decided February 4, 1936, the Supreme Court justice interprets the statute with reference to similar machines. In it the court held:

" It is clear that this section has completely abandoned the rule of dominant element as far as slot machines are concerned and has substituted the words ' by reason of any element of chance or of other outcome of such operation unpredictable by him.'

" To say that these machines, as described in the answering affidavits, do not have any element of chance is to shut our eyes to the obvious. * * *

" The plaintiff seeks to show that the Legislature did not intend to cover these machines by the amendment of 1934. The actual words of the statute, however, cover the machines beyond any doubt. It may be that the effect of the statute is more drastic

than was intended by those who were responsible for its adoption. That cannot now be determined in view of the clear language employed. There is no ambiguity. There is nothing to show that the actual intention of the Legislature was different from that so clearly expressed in the language used by it. It may be urged that the statute imposes rules of conduct more severe than a modern day code of morality demands, that the games here under consideration are not frowned upon by respectable public opinion, and that the statute is generally out of step with the mores of the times. These are, however, considerations to be addressed to the Legislature. The statute is quite explicit. It should be enforced; or it should be modified by the Legislature."

·The judgment of the Police Court is reversed and a new trial granted.